# <u>Exhibit A</u>

**THIS OFFERING PLAN HAS BEEN AMENDED. SEE INSERT UNDER FRONT COVER.**

**THIS IS A "NON-EVICTION" PLAN WHICH PROTECTS NON-PURCHASING TENANTS FROM BEING EVICTED FOR FAILURE TO PURCHASE EVEN THOUGH THE BUILDING IS CONVERTED TO COOPERATIVE OWNERSHIP.**

## OFFERING PLAN

### A PLAN TO CONVERT TO COOPERATIVE OWNERSHIP

Premises at

### 220 EAST 54th STREET
### NEW YORK, NEW YORK

| | |
|---|---:|
| Cash Amount of Offering (based on the sale of 10,999 shares allocated to 140 apartments at a Total Cash Payment of $1,150 per share (1) | $12,648,850.00 |
| Mortgage Indebtedness (1) | $ 1,690,482.07 |
| Total Cash Offering and Mortgage Indebtedness (1) | $14,339,332.07 |
| *Less:* Working Capital Fund to be retained by Apartment Corporation from Offering (1) | $ 50,000.00 |
| Purchase Price of Property due Sponsor-Seller (1) | $14,289,332.07 |

*Name and Address of Apartment Corporation Whose Shares are Being Offered:*

**220 EAST 54th STREET OWNERS, INC.**
c/o Herbert Albert Co.
230 Garth Road
Scarsdale, New York 10583

| *Name and Address of Sponsor:* | *Name and Address of Selling Agent:* |
|---|---|
| **220 EAST 54th STREET CO.** | **HERBERT ALBERT CO.** |
| 230 Garth Road | 230 Garth Road |
| Scarsdale, New York 10583 | Scarsdale, New York 10583 |

**The approximate date of first offering of this Plan is August 15, 1981.**

(1) See "Financial Features" for a full explanation of the figures appearing in this table and the assumptions on which they are based.

**"THE FILING OF THIS PLAN WITH THE DEPARTMENT OF LAW OF THE STATE OF NEW YORK DOES NOT CONSTITUTE APPROVAL OF THE ISSUE OR THE SALE THEREOF BY THE DEPARTMENT OF LAW OR THE ATTORNEY GENERAL OF THE STATE OF NEW YORK. ANY REPRESENTATION TO THE CONTRARY IS UNLAWFUL."**

shareholders of the Lessor shall take place to determine whether (a) to continue to operate the Building as a residential apartment building, (b) to alter, demolish or rebuild the Building or any part thereof, or (c) to sell the Building and liquidate the assets of the Lessor, and the Directors shall carry out the determination made at said meeting of shareholders of the Lessor, and all of the holders of the then issued and outstanding shares of the Lessor shall have such rights as inure to shareholders of corporations having title to real estate.

## UNSOLD SHARES

38. (a) The term "Unsold Shares" means and has exclusive reference to the shares of the Lessor which were issued to the Lessor's grantor(s) or individuals produced by the Lessor's grantor(s) pursuant to the Plan of cooperative organization of Lessor or to a nominee or designee of such grantor(s) or individual(s); and, all shares which are Unsold Shares retain their character as such (regardless of transfer) until (1) such shares become the property of a purchaser for bona fide occupancy (by himself or a member of his family) of the Apartment to which such shares are allocated, or (2) the holder of such shares (or a member of his family) becomes a bona fide occupant of the Apartment. This Paragraph 38 shall become inoperative as to this Lease upon the occurrence of either of said events with respect to the Unsold Shares held by the Lessee named herein or his assignee. The terms "purchasers of Unsold Shares" and "holder of Unsold Shares" are used interchangeable and mean the person or persons who own the Unsold Shares from time to time.

### Subletting Apartment and Sale of Shares

(b) Neither the subletting of the Apartment nor the assignment of this Lease, by the Lessee who is the holder of the block of Unsold Shares allocated thereto, shall require the consents of the Directors or shareholders, as provided in Paragraphs 15 and 16.

### Change in Form of Lease

(c) Without the consent of the Lessee, no change in the form, terms or conditions of this Proprietary Lease, as permitted by Paragraph 6, shall (1) affect the rights of the Lessee who is the holder of the Unsold Shares accompanying this lease to sublet the Apartment or to assign this Lease, as provided in this Paragraph, or (2) eliminate or modify any rights, privileges or obligations of such Lessee.

### Restriction on Cancellation

(d) The provisions of Paragraph 35 may not be availed of by a Lessee who is the holder of a block of Unsold Shares accompanying this Lease unless (i) Lessees owning a majority of Lessor's outstanding shares (other than the Unsold Shares) shall have given notice of intention to cancel pursuant to Paragraphs 35 or 36, or (ii) all Unsold Shares constitute fifteen (15%) percent or less of Lessor's outstanding shares, at least five (5) years have elapsed since Lessor acquired title to the Building and on the effective date of cancellation Lessee shall

pay to Lessor a sum equal to the product of the then current monthly rent (maintenance charges) payable under this lease multiplied by twenty-four (24).

Non-interference with Marketing Unsold Shares

(e) · Anything contained in this Lease and the House Rules annexed hereto to the contrary notwithstanding, Lessor shall not prevent nor unreasonably impede or interfere with the sale of any block of Unsold Shares or the subletting of an apartment to which a block of Unsold Shares is allocated and agrees that a holder of Unsold Shares shall have the right to display "For Sale" and "For Rent" signs and similar promotional signs and material on or about the exterior of the building, the lobby and apartments leased by a holder of Unsold Shares. In addition, prospective purchasers of Unsold Shares and sales personnel shall be given access to the public areas of the Property, including (without limitation) the parking areas (if any), lobbies, elevators and hallways, for purposes of ingress and egress, without being subject to any charge or fee therefor. No discriminatory charge or fee may be imposed on any lessee who is a holder of Unsold Shares.

## FORECLOSURE-RECEIVER OF RENTS

39.    Notwithstanding anything contained in this Lease, if any action shall be instituted to foreclose any mortgage on the land or the Building or the leasehold of the land or Building, the Lessee shall, on demand, pay to the receiver of the rents appointed in such action rent, if any, owing hereunder on the date of such appointment and shall pay thereafter to such receiver in advance, on the first day of each month during the pendency of such action, as rent hereunder, the rent for the Apartment as last determined and established by the Directors prior to the commencement of said action, and such rent shall be paid during the period of such receivership, whether or not the Directors shall have determined and established the rent payable hereunder for any part of the period during which such receivership may continue. The provisions of this Paragraph are intended for the benefit of present and future mortgagees of the land or the Building or the leasehold of the land or Building and may not be modified or annulled without the prior written consent of any such mortgage holder.

## TO WHOM COVENANTS APPLY

40.    The references herein to the Lessor shall be deemed to include its successors and assigns, and the references herein to the Lessee or to a shareholder of the Lessor shall be deemed to include the executors, administrators, legal representatives, legatees, distributees and assigns of the Lessee or of such shareholder; and the covenants herein contained shall apply to, bind and inure to the benefit of the Lessor and its successors and assigns, and the Lessee and the executors, administrators, legal representatives, legatees, distributees, successors and assigns of the Lessee, except as hereinabove stated.

## WAIVER OF TRIAL BY JURY

41.    To the extent permitted by law, the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim

27