# Exhibit A

Case 1:20-cv-02418-GBD Document 21-1 Filed 06/12/20 Page 2 of 18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
JANIS PASTENA

                        Plaintiff,                             **VERIFIED COMPLAINT**

61 WEST 62 OWNERS CORP.

                        Defendant.
-----------------------------------------------------------------------x

Plaintiff JANIS PASTENA, by and through her undersigned attorneys, as and for her Verified Complaint alleges as follows:

1. Plaintiff is a resident of the State of Connecticut.

2. Defendant 61 WEST 62 OWNERS CORP. is a corporation organized under the laws of the State of New York a/k/a as a cooperative ("Co-op").

3. The Co-op is a residential co-operative apartment corporation which owns the apartment building located in the City, County and State of New York known as 61 West 62nd Street (the "Building").

**BACKGROUND**

4. There never have been conditions involving the plaintiff which the board might impose upon her tenancy and/or board or shareholder approval might be required.

5. The sponsor informed plaintiff at the time of purchase of her unit, apartment 20L, 61 West 62nd Street, City, County and State of New York, she had unconditional and perpetual subletting rights as she bought for investment purposes and did not intend to reside permanently in the apartment 20-L and bought the same exclusively to sublet from day one of purchase. The sponsor did not require the plaintiff upon purchase to obtain the prior consent of the Board of

1

Directors of the co-operative nor pay a fee to sublet apartment 20-L. Plaintiff never would have purchased unit 20L except for the prior agreement that:

(a) There were no conditions involving the plaintiff which the board might impose upon her tenancy and/or board or shareholder approval might be required; also

(b) No advance consent was required perpetually for subletting; and

(c) There would be in perpetuity no fee involved for monthly subletting.

6.    at no time upon purchasing, or ever thereafter was the plaintiff aware that the Board had the right to place conditions on all subletting of 20L and that all sublets were contingent upon Board approval or payment of a subletting fee.

7.    Upon information and belief, to encourage sales and have sponsor meet the requirements of existing law to gain building-wide approval of the Conversion Plan filed with the Attorney General. Plaintiff was told by the sponsor there were no conditions attached to future unit subletting, specifically no advance consent plus no fees to be paid to the cooperative.

8.    The Building is managed by Cooper Square Realty Inc. ("Cooper Square") and the affairs of the Co-op are managed by Co-op's Board of Directors acting with and through its agent First Service Management ("First Service").

9.    Originally when the Building was converted to a cooperative form of ownership, plaintiff purchased Apartment 20L which apartment unit is the subject of this action for declaratory judgment.

Since 1989 plaintiff has never consented to restrictions on her right to sublet, nor has defendant at any time from 1989 onward requested a sublet fee until service of Exhibit "A," the Notice of November 10, 2014 seeking a retroactive sublet sum of "$5, 39.41," obviously a mathematical error as one digit is omitted.

2

By working backwards, accepting for sake of argument a total sum claimed to be owed in Exhibit "A" allegedly totaling $15, 145.71, by deducting the other sums comprising $15,145.71 which leaves a balance, the intended sum for the subletting component as $5,439.41.

10.    Plaintiff,  it was understood by all parties at the time of purchase was an original owner and did not intend long term residence at 61 West 62nd Street, unit 20L further  sponsor understood and agreed plaintiff rather purchased the apartment 20L for long term investment purposes once converted to a co-op, therefore pursuant to arrangements with sponsor's terms and conditions  in the Offering Plan agreed to by all parties  at the time of the purchase, plaintiff was granted the right to sublet unit 20L with  (a) no conditions involving the plaintiff which the board might impose upon her tenancy and (b) no Board  or shareholder approval might be required or prior written consent of the cooperative's Board of Directors or (c) requiring plaintiff  be obligated to pay a subletting fee.

11.    For the entire 24 year period which followed, from 1992 to the present time, plaintiff did not live in the unit as her primary residence but at all times sublet it and fully informed defendant of the names, addresses and financial stability of the subtenants. While the subleases did not require Co-op approval or consent, plaintiff nevertheless provided the Co-op with application information concerning financial stability and trustworthiness of new tenants who came to occupy the unit 20 L. During this entire 24 year period, there were no issues raised by the defendant or its Board regarding conditions involving the plaintiff which the board might impose upon her tenancy involving sub tenancy, or concerning any actions or conduct by any subtenant adverse to the interests of the Co-op.

12.    On or about November 14, 2014 plaintiff received a letter dated November 10, 2014 from the Vice President of First Service Properties signed by Jennifer L. Granda, regarding

apartment 20L seeking payment of a total sum of $15, 145.71 from the plaintiff, and under the heading "Sublet" "$5, 39.41" is intended to be "$5,439.41," primarily for subletting fees of $330 per month.

How such alleged $330. monthly sublet sum contained in Exhibit "A"  as calculated retroactively for 16.48 months in order to arrive  at  "$5, 39.41" sum,  intended to be "$5,439.41," is a subject for declaratory judgment by this Court.

13.     A declaratory judgment is sought from this court as to the rights and relations of the parties.

14.     Plaintiff alleges as an original owner of unit 20L, an agreement was entered into in 1989 based upon the governing documents there were no conditions involving the plaintiff which the board might impose upon her tenancy and/or board or shareholder approval might be required also no advance consent was required perpetually for subletting ("1989 Board Policy without Conditions for Subletting"); also there would be in perpetuity no fee involved for monthly subletting. which 1989 Board Policy of no shareholder approval of any fees or charges for subletting existed  and such 1989 Board Policy  has been applied to plaintiff's unit 20L since 1989, the date of her original stock ownership in the defendant corporation.

15.     At all times in the past years, the finances of the subtenants have been submitted to the Management and have been accepted as suitable for the Building therefore found to be more than adequate and there has never been a sublet fee or charge by the defendant of the plaintiff.

16.     There is no legitimate basis to refuse this sublet authorization for unit 20L dating back to 1989 to or for the defendant to issue Exhibit "A," seeking the charges as set forth in Exhibit "A" on November 10, 2014 or court proceeding would occur unless $15,145.71 was paid

in 10 days and under the heading "Sublet" "$5, 39.41" is intended to be "$5,439.41," primarily for subletting fees of $330 per month retroactively for 16.48 months.

17.     The charges of $15,141.31 (Exhibit "A" annexed) are as follows:

Retroactive sublet fees:      "$5, 39.41" is intended to be "$5,439.41,"

Other charges:                                               $9,606.30

18.     The charges of $9,606.30 ( out of  $15,141.31) are totally without legal basis in fact, as plaintiff has paid all fees and charges billed her by defendant since 1989,  the plaintiff has documentary evidence of full payment of this sum of $9,606.30 ( out of  $15,141.31) from her records of 1989 to the present time therefore the demand in Exhibit "A" is baseless, as defendant lacks substantial evidentiary support for seeking such sum in Exhibit "A" occasioning by its service a n affirmative defense of  payment in full of the sum of charges of $9,606.30 ( out of  $15,141.31)

19.     The charges of "$5, 39.41" intended to be "$5,439.41," (out of $15,141.31) are intended to be a subletting fee for a 16.48 month retroactive period @$330.p/mo.

20.     The Board's decision to refuse the sublet of unit 20L on September 10, 2014, unless $15, 145.71 (See Exhibit "A," Notice) is paid (sublet fee is $5, 39.41 (omits one digit) but is inferred to be $5,390.41 or for a 16.48 month retroactive period @$330.p/mo.) is also baseless, as defendant lacks substantial evidentiary support for seeking such sum in Exhibit "A" occasioning by its service affirmative defenses of  waiver and equitable estoppel.

5

## FIRST CAUSE OF ACTION

### (Declaratory Judgment that Plaintiff during course of tenancy made Payment in Full of $9,606.30 out of $15,141.31) sum in Exhibit "A" to nullify such 11/10/14 Notice)

21.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "20" as if fully set forth herein.

22.    Plaintiff has paid in full since 1989 all charges and itemized statements billed by defendant cooperative.

23.    The decision by defendant to issue Exhibit "A" dated November 10, 2014 was not a decision supported by substantial evidence.

24.    The individual property right of plaintiff in question is an important right and because it is a cooperative apartment of a value estimated at $700,000, therefore based upon such great value, plaintiff is entitled to be afforded high evidentiary standard of proof or substantial evidence from defendant to support its claim for payment of the charges of $9,606.30 ( out of $15,141.31).

25.    This evidentiary standard has not been met.

26.    Defendants claim for charges of $9,606.30 (out of $15,141.31) is totally without legal basis in fact, as plaintiff has paid all fees and charges billed her by defendant since 1989,

27.    The plaintiff has documentary evidence of full payment of this sum of $9,606.30 ( out of $15,141.31) from her records of 1989 to the present time therefore the demand in Exhibit "A" is baseless, as defendant lacks substantial evidentiary support for seeking such sum in Exhibit "A".

28.    Plaintiff seeks a declaratory judgment of payment in full of the sum of charges of $9,606.30 (out of $15,141.31)

6

## SECOND CAUSE OF ACTION

**(Declaratory Judgment in this action required if plaintiff retroactively can recover subletting fees of $330.per month dating back 16.48 months requires evidence of (i) Breach of lease and (ii) contemporaneous prior billing for transaction ("monthly maintenance" under lease) to commence claim for account stated)**

29.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "28" as if fully set forth herein.

**For 25 years there was no subletting "transaction" and/or "billing" in "Maintenance" account or prior account rendered**

30.     Plaintiff has paid in full since 1989 all charges and itemized statements billed by defendant cooperative for "maintenance" and during the entire 25 year period there has been no contemporaneous "maintenance" billing of any kind for alleged sublet fees for 25 years until 11/10/14 "Notice" Exhibit "A" annexed, which this court is asked to declare is solely a "Notice" not a monthly maintenance billing therefore no account can be stated retroactively for a 16.48 monthly period at $330. per month if no "maintenance" billing ever occurred contemporaneously for the preceding 16.48 months at such sum of $330. per month.

31.     Statutes of Limitation are generally considered procedural in New York because they are viewed as pertaining to the remedy rather than the right.

32.     The defendant's alleged claim retroactively to recover subletting fees accrues and the limitation period only commences to run from the date of the alleged breach.

33.     This court must enter a declaratory judgment that the statute of limitations for a cause of action by defendant against the plaintiff for an account stated for 16.48 months at $330. Per month is barred:

>          (a) As it al six years (see CPLR 213[2]; Erdheim v. Gelfman, 303 A.D.2d
>          714 [2d Dept 2003], lv denied 100 N.Y.2d 514 [2003]), and

7

(b)  It accrues on the date of the last transaction in the account (see 75 N.Y. Jur 2d, Limitations and Laches § 90; Joseph Gaier, P.C. v. Iveli, 287 A.D.2d 375 [1st Dept 2001]).

34.    Plaintiff alleges for the entire 25 year period from 1989 to date of Exhibit "A", Plaintiff in all billings and customer statements was never invoiced nor payment demanded in any monthly maintenance bill for such preceding 16.48 months at such sum of $330. per month.

35.     Plaintiff alleges that Exhibit "A" notice of November 10, 2014 is time-barred (statute of limitations for open accounts is 6 years) and there is a need for a declaratory judgment to determine if no breach of lease at any time heretofore occurred to trigger the date when the limitation period commenced to run because CPLR 213[2] accrues on the date of the last transaction in the account.

36.    Plaintiff has failed to provide a detailed breakdown, just how amount sought was calculated, and i.e.  (Sublet fee is $5, 39.41 (omits one digit) but is inferred to be $5,390.41 or for a 16.48 month retroactive period @$330.p/mo.) .

37.    A declaration is required of this court that the alleged sublet fee of $5,  39.41 (omits one digit) but is inferred to be $5,390.41 is baseless and unenforceable, because defendant lacks substantial evidentiary support for seeking such sum in Exhibit "A".

**THIRD CAUSE OF ACTION**

**(Declaratory Judgment in this action required if plaintiff retroactively can recover subletting fees of $330.per month dating back 16.48 months absent evidence of (i) <u>Breach of lease</u> and (ii) <u>Proof of Balance owing</u> for payment prior 11/14/14**

38.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "37" as if fully set forth herein.

**Receipt of a contemporaneous billing for subletting a condition for requiring payment from the tenant; declaratory Judgment sought if the 11/14/14 "Notice" is a Nullity if no (i) breach by tenant then (ii) no balance owing**

39.    Plaintiff has paid in full since 1989 all charges and itemized statements billed by defendant cooperative for "maintenance" and during the entire 25 year period there has been no contemporaneous "maintenance" billing of any kind therefore no Demand  for alleged sublet fees for 25 years until 11/10/14 "Notice" Exhibit "A" annexed.

40.    In the absence of proof of a balance owing based upon a prior contemporaneous monthly demand over 16.48 months preceding November 10, 2014 for sublet fees of $330. per month, this court is asked to declare the statement of November 10, 2014 to be a nullity as there no proof balance existed on November 14, 2014 which defendant   can claim to be due from the plaintiff.

41.     In contract actions, a claim generally accrues at the time of the breach (see Ely–Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402 [1993] ), and the statute of limitations is triggered when the plaintiff had the right to demand payment (see Hahn Automotive Warehouse, Inc. v. American Zurich Ins. Co., 18 NY3d 765, 770–771 [2012] ).

42.    The proprietary lease and governing documents between the parties  makes provision for receipt by the tenant during the term of the leasehold of a monthly maintenance bill

by the landlord as a condition for requiring payment from the tenant of any rent or charges for the apartment unit 20-l herein.

43.     In the absence of proof herein of a receipt for a contemporaneous billing for subletting a condition for requiring payment from the Landlord, a Declaratory Judgment is sought from this court if the 11/14/14 "Notice" is a Nullity if no (i) breach of lease contract can be proven then (ii) there no balance owing as alleged in the 11/14/14 "Notice"

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Declaratory Judgment sought of Waiver and Equitable Estoppel)

44.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "43" as if fully set forth herein.

45.     Plaintiff seeks a declaratory judgment plaintiff is excused from further performance of the obligations under the alleged contract as alleged in Exhibit "A", also that defendant has waived from 1989 to 2014 or until the expiration of the lease the right in perpetuity to demand and collect such $330 per month at any time retroactively and is equitably estopped from claiming any breach of the proprietary lease of the plaintiff.

46.     Plaintiff has personal knowledge and is aware of the governing documents and policy of the cooperative dating back 25 years to 1989 that original tenants are permitted to sublet without prior written consent of the defendant based upon the governing documents that there were no conditions involving the plaintiff which the board might impose upon her tenancy and/or board or shareholder approval might be required also no advance consent was required perpetually for subletting ("1989 Board Policy without Conditions for Subletting"); also there would be in perpetuity no fee involved for monthly subletting. which 1989 Board Policy of no shareholder approval of any fees or charges for subletting existed  and such 1989 Board

10

Policy  has been applied to plaintiff's unit 20L since 1989, the date of her original stock ownership in the defendant corporation.

47.     From 1989 to date, a period of 25 years, the defendant was engaged in conduct that constitutes a waiver of its rights under the contract alleged in Exhibit "A", the Notice of November 10, 2014, as defendant knew of all material facts so as not to bill or invoice plaintiff for subletting for 25 years, knew further that such conduct of non-billing  will be acted upon by the other party; and plaintiff's total  reliance upon the conduct of the estopped defendant; further there was a prejudicial change in plaintiff's  position over the course of 25 years.

48      By reason of said waiver, plaintiff is excused from further performance of the obligations under the alleged contract

49.     From 1989 to 2014 (to the date of Exhibit "A," which is November 10, 2014) the defendant had knowledge of the subtenants in unit 20-L, by virtue of being informed of the names of the proposed subtenants, also provided with proof of their financial stability and a copy of the sublease  the defendant Coop has not charged a sublet fee for unit 20L, therefore has waived from 1989 to 2014 or until the expiration of the lease, the right in perpetuity to demand and collect such $330 per month at any time retroactively  and is equitably estopped from claiming  any breach of the proprietary lease of the plaintiff.

### AS AND FOR A FIFTH CAUSE OF ACTION

**(Declaratory Judgment sought if Ratification occurred by defendant from 25 years of Acceptance of Sponsor's 1989 Policy, No Sublet Fee Unit 20L)**

50.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "49" as if fully set forth herein.

11

**Sponsor's 1989 Agreement without conditions to Allow Plaintiff Perpetual Subletting of unit 20L without fee Ratified by conduct of defendant for 25 years and relates back and supplies original authority to execute an agreement of sublease**

51.     A declaratory judgment is sought from this court as to the rights and relations of the parties and if ratification occurred.

52.     Plaintiff alleges as an original owner of unit 20L, an agreement was entered into in 1989 with the Sponsor based upon the governing documents there were no conditions involving the plaintiff which the board might impose upon her tenancy and/or board or shareholder approval might be required also no advance consent was required perpetually for subletting ("1989 Board Policy without Conditions for Subletting"); also there would be in perpetuity no fee involved for monthly subletting. which 1989 Board Policy of no shareholder approval of any fees or charges for subletting existed  and such 1989 Board Policy  has been applied to plaintiff's unit 20L since 1989, the date of her original stock ownership in the defendant corporation.

52.     At all times in the past 25 years, the finances of the subtenants have been submitted by plaintiff to the defendant and its Managing Agent and all her subtenants have been accepted as suitable for the Building therefore found to be more than adequate and there has never been a sublet fee or charge by the defendant of the plaintiff at any time since 1989.

53.     Plaintiff has received written documents  from the defendant Board as late as March 2012 entitled" Collection of Rent from Subtenants" and "Sublet Restriction Clause," respectively, which demonstrates defendant by its actions and conduct  has ratified the Sponsor's policy relating back 25 years earlier to 1989 ("Sponsor's Original Policy").

54.     The "Sponsor's Original Policy" can be set forth that original owners are not, in perpetuity subject to (a) conditions involving the plaintiff which the board might impose upon

12

her tenancy and (b) no Board or shareholder approval might be required or prior written consent of the cooperative's Board of Directors or (c) requiring plaintiff be obligated to pay a subletting fee.

55.    By its actions and conduct for the period from 1989 to the present time, adopting the "Sponsors Original Policy" Ratification occurred between the plaintiff and the defendant by the express or implied adoption of the acts of another by one for whom the other assumes to be acting and it relates back and supplies original authority to execute an agreement, which in this case was approval of subleasing agreements and not charging of fees for subletting.

56.    Ratification requires full knowledge of the material facts relating to the transaction without conditions, allowing subletting and not charging fees for subletting which assent can be clearly established from defendant's conduct as late as 2012 as follows:

(a) Plaintiff has received written documents " from the defendant Board as late as March 2012 "Collection of Rent from Subtenants" and "Sublet Restriction Clause," respectively, which demonstrates defendant has ratified the policy dating back 25 years to 1989 that original owners are not obligated to pay subletting fees; and

(b) In or about March 2012, plaintiff provided a form, not to seek or obtain the $330 per month, but respect the occupancy of the named occupant in unit 20L, specifically named therein.

(c) The Court will note plaintiff made a written notation to March 2012 writing "Original owner. Board approval not required," signed Janis Pastena.

57.    Declaratory Judgment is sought from this court Sponsor's 1989 Agreement without conditions to Allow Plaintiff Perpetual Subletting of unit 20L without fee was ratified by

13

conduct of defendant for 25 years and relates back and supplies original authority to execute for 25 years to date and into perpetuity agreements of sublease without fee.

58    Absent payment of Exhibit "A," which plaintiff does not owe, plaintiff cannot sublet unit 20L.

59.    Plaintiff had no adequate remedy at law.

60.    By reason of the foregoing, a declaratory judgment is required of the rights and relations of the parties, the Co-op should be enjoined from continuing to refuse an application to sublease unit 20L and should be ordered to approve the pending sublease application.

WHEREFORE, plaintiff seeks a declaratory judgment as follows:

**FIRST CAUSE OF ACTION**: Plaintiff seeks a declaratory judgment of payment in full of the sum of charges of $9,606.30 (out of $15,141.31);

**SECOND CAUSE OF ACTION**: A declaration is required of this court that the alleged sublet fee of $5, 39.41 (omits one digit) but is inferred to be $5,390.41 is baseless and unenforceable because defendant lacks substantial evidentiary support for seeking such sum in Exhibit "A";

**THIRD CAUSE OF ACTION:**  Declaratory Judgment in this action required if plaintiff retroactively can recover subletting fees of $330.per month dating back 16.48 months absent evidence of  (i) <u>Breach of lease</u> and (ii) <u>Proof of Balance owing </u>for payment prior 11/14/14;

**FOURTH CAUSE OF ACTION:**  Declaratory Judgment sought of Waiver and Equitable Estoppel;

**FIFTH CAUSE OF ACTION:** Declaratory Judgment is sought from this court Sponsor's 1989 Agreement without conditions to Allow Plaintiff Perpetual Subletting of unit 20L without fee was ratified by conduct of defendant for 25 years and relates back and supplies original authority to execute for 25 years to date and into perpetuity agreements of sublease

14

**INJUNCTIVE RELIEF**: The defendant Coop should be enjoined from continuing to refuse an

application to sublease unit 20L, directing it to approve the pending sublease application,

nullifying the retroactive charges contained in Exhibit "A" annexed and for such other and

further relief as the Court may find just and proper plus costs and disbursements and legal fees.

Dated: Hawthorne, New York          /s/ Arthur Morrison
       November 26, 2014          _____

                                      Arthur Morrison
                                      Attorney for Plaintiff
                                      11 Skyline Drive
                                      Hawthorne, NY 10532
                                      (T) 914-980-7244
                                      (F) 914-592-3482
                                      Email: lawnyu63@gmail.com

15

VERIFICATION

State of New York        )
                         ) ss:
County of Westchester  )


      Janis Pastena, being duly sworn, deposes and says:

She is a plaintiff in this proceeding, and has read the foregoing Complaint and knows the

contents thereof and the same is true to her knowledge; as to those matters alleged to be on

information and belief she believes them to be true.


                                   /s/_____Janis Patina_____


/s/_____Arthur Morrison_____
  Notary Public
  State of New York
  #02M05026699
  Qualified in Westchester County
  Commission Expires 11/20/18

16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
JANIS PASTENA

                          Plaintiff,

        -Against-

61 WEST 62 OWNERS CORP.

                          Defendant.
-------------------------------------------------------------------x

---

**Summons and Verified Complaint**

---

I certify compliance with Rule 130.1.1 of the Rules of the Chief Administrator.

Dated: Hawthorne, New York             /s/ Arthur Morrison
      November 26, 2014             _____

                                      Arthur Morrison
                                      Attorney for Plaintiff
                                      11 Skyline Drive
                                      Hawthorne, NY 10532
                                      (T) 914-980-7244
                                      (F) 914-592-3482
                                      Email: lawnyu63@gmail.com

17