# Exhibit B

Case 1:20-cv-02418-GBD    Document 21-2    Filed 06/12/20    Page 2 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 162453/2014

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JANIS PASTENA

      Plaintiff

-Against-

61 WEST 62 OWNERS CORP.

      Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**SUPPORTING AFFIRMATION
FOR SUMMARY JUDGMENT
MOTION BY PLAINTIFF**

      ARTHUR MORRISON, ESQ., attorney affirms under penalty of perjury:

That I am an attorney and a member of the firm of Morrison Law Offices of Westchester PC,

attorneys of record for the Plaintiff herein and as such am fully familiar with the facts and

circumstances heretofore had herein, based upon a review of the file maintained by this law firm.

      1.      That I submit this affidavit in support of Plaintiff's Motion which seeks an

Order granting Plaintiff summary judgment pursuant to CPLR §3212 on the grounds that there is no

genuine issue as to any material fact and that plaintiff is entitled to judgment as a Matter of Law, and that

defendant's claims are moot

## PROCEDURAL HISTORY

      2.      The within action was commenced by the service of a Summons and Complaint

on or about December 17, 2014 (Dkt. #'s 1, 2). An Answer was interposed by the Defendants on

or about November 19, 2015 (Dkt. #'s 9), Stipulations to extend time to Answer were agreed to

(Dkt. #'s 7, 8) while informal discovery including the exchange of documents occurred with

defendant's original counsel in an effort to settle this matter; a copy of Plaintiff's S&C and

Defendant's Answer are annexed hereto as Plaintiff's Exhibits "A" and "B" respectively.

1

3.    Thereafter, Plaintiff served on May 29, 2016 a Notice to take the defendant's deposition on July 8, 2016 (Dkt. #'s 9), copy of the  same is annexed hereto as Plaintiff's Exhibit "C" plus a Discovery and Inspection Notice for defendants to produce documents returnable at our offices on July 1, 2016, a copy of the  same is annexed hereto as Plaintiff's Exhibit "D"

4.    Then thereafter, Plaintiff served on May 30, 2016 Plaintiff's Combined Demands A copy of the  same is annexed hereto as Plaintiff's Exhibit "E"

5.    New counsel has entered the case effective with June 29, 2016 (Dkt. #'s 14) and indicates by E-mail defendant's designated witness in Exhibit "C" will not be produced for the purposes of a deposition on July 8, 2016 necessitating the making of this motion..

**ARGUMENT**
**<u>PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT</u>**
**APPLICABLE LAW**

**(A) Applying the doctrine of  Estoppel as Plaintiff induced to Change her position**

6.    For the purposes of Plaintiff's Motion, in applying the doctrine of  Estoppel Plaintiff will rely upon Northerly Corp. v. Hermett Realty Corp., 15 A.D.2d 888, 225 N.Y.S.2d 327, 1962 N.Y. App. Div. LEXIS 11048 (N.Y. App. Div. 1st Dep't 1962)  where the tenants filed an answer to the complaint raising the defenses of waiver and estoppel The landlord brought a motion to strike the tenant's defenses and to dismiss the counterclaim. The trial court granted the motion and the tenants appealed. The court modified the order to the extent of reinstating the estoppel defense, and as so modified, the court affirmed the order, concluding that the estoppel defense sufficiently alleged the elements of an *estoppel in pais* because it asserted that the tenants were induced to change their position in reliance on the representations of the landlord's predecessor in interest.

2

7.    Applying the ruling in the Northerly Corp. v. Hermett Realty Corp. case *supra*, in her annexed affidavit Janis Pastena avers that approximately 28 years ago, she was induced to purchase the stock in coop unit 20L from the Sponsor's unsold shares as an Investment. Exhibit "G" annexed is the opinion of the Deputy Attorney General supporting plaintiff's complaint that Sponsor's shares were excluded as part of the Original Offering to the Attorney General's Office.

8.    It is not disputed that approximately 28 years earlier, the predecessor in interest to the present defendant was the Sponsor who sold his Sponsor's shares to plaintiff thus the person who changed her position (plaintiff agreed to buy the Sponsors shares as a long term investment) in reliance upon the Sponsor's representations to her and to the Attorney General (See Exhibit "G") of a special understanding that she could perpetually sublet and would not have to seek consent from the Board to do so. For approximately 28 years this occurred, rent was accepted.

**B. Applying the Doctrine of Waiver by Open Possession and Acceptance of Rent**

9.    For the purposes of Plaintiff's Motion, in applying the doctrine of Waiver, Plaintiff will rely upon case of Taylor v. Eli Haddad Corp., 118 Misc. 2d 253, 460 N.Y.S.2d 886, 1983 N.Y. Misc. LEXIS 3302 (N.Y. Sup. Ct. 1983) which cites to Sagson Co. v Weiss, *infra.*

> "The first cause of action advances the theory that defendant has waived any breach of the literal language of the lease restricting residential use of the premises. This waiver is alleged to arise not merely from a supine acquiescence or acceptance of rent in the knowledge that plaintiff was violating the lease. *Plaintiff alleges a far more active waiver through defendant's full knowledge and participation in the breach* .

> "Defendant resorts to the non-waiver clause of the lease and argues that it could never waive the right to evict for a violation that transcends the lease and flouts the zoning resolution, citing Rasch, New York Landlord & Tenant, Summary Proceedings (2d ed, § 449). It is accurate to say that *HN4* a landlord may waive a default by accepting rent with knowledge of its existence. (*Atkin's Waste Materials v May*, 34 NY2d 422, 427.) But, a no-waiver clause in the lease will preserve the landlord's right to react to the violation while still accepting rent with knowledge thereof. ( *Pollack v Green Constr. Corp.*, 40 AD2d 996, affd 32 NY2d 720; but see Rasch, *op. cit.*, § 738.) *Yet, a no-waiver clause has been found inapplicable to a "waiver by open possession * * * [The] acceptance of rent with knowledge of a subletting constitutes a waiver of the right to terminate the tenancy for breach of the condition against such subletting"* ( *Sagson Co. v Weiss*, 83 Misc. 2d 806, 807[App Term, 1st Dept.]).
> Emphasis Supplied

3

"In the case at bar, it is impossible to rule as a matter of law that waiver did not occur. Despite the no-waiver clause, defendant's alleged instigation and participation in the offending condition from the inception of the lease is so pervasive and active that it may be estopped from relying on the no-waiver clause. (Cf. *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-344.) Furthermore, it cannot be ascertained that the nature of the violation of the zoning resolution is so serious as to prevent the defendant, for reasons of public policy, from waiving. After all, the new Loft Law contains a procedure for legalizing such occupancy in conformity with the zoning resolution."

Atkin's Waste Materials v May, 34 NY2d 422, 427 infra, cited above is also noted as footnote 138 to Rasch's Landlord and Tenant, Fourth Edition, § 11:40) as follows:

"Inasmuch as it had accepted rental payments with knowledge of the default and without attempting to terminate the lease in the method provided for by its terms, we held that the city had waived the default and that the tenant had properly exercised its option to renew."

## CONCLUSION

10.    Judge Fairgrieve in Nassau Court's First District Court, in the context of a landlord tenant Holdover Case dismissed the Petition and ruled upon one issue therein, i.e., Landlord's acceptance of the rent with knowledge of the breach yet because during the same time as the alleged breach it continued the tenancy which served as a waiver because there was no steps for 28 years to terminate the tenancy.

11.    That case is 224 Seventh St. Assoc., LLC v AMP Mgt., Inc., 910 N.Y.S.2d 409, 2010 N.Y. Misc. LEXIS 749, 2010 NY Slip Op 50632(U), 27 Misc. 3d 1209(A), 243 N.Y.L.J. 77 (N.Y. Dist. Ct. 2010) and cited to as follows:

"Acceptance of rent with knowledge of the conduct that is alleged to constitute a default under the terms of the lease constitutes a waiver of the default, as "[t]he acceptance of the rent is in effect an election by the landlord to continue the relationship of landlord and tenant." (Atkin's Waste Materials, Inc. v. May, 34 NY2d 422, 427, 314 N.E.2d 871, 358 N.Y.S.2d 129 [1974]).
"In Jefpaul Garage Corp. v. Presbyterian Hospital in City of New York, 61 N.Y.2d 442, 448, 462 N.E.2d 1176, 474 N.Y.S.2d 458 (1984), the Court of Appeals observed that:[a]lthough the intent to waive is usually a question of fact, knowing acceptance of the rent without any effort to terminate justifies an inference that the landlord has elected to hold the tenant to the lease. The primary reason for the rule is the inconsistency of the landlord's positions. As one old English case put it, the landlord should not be permitted "to treat a man as a tenant, and then treat him as a trespasser." Undoubtedly, however, the courts have applied the rule also to prevent a forfeiture of the tenant's estate."

4

`WHEREFORE, your affiant respectfully requests this honorable Court grant

Plaintiff's motion for summary judgment, together with such other and further relief as the Court

may seem just and proper.

Dated: Hawthorne, New York
       July 5, 2016

/s/ ARTHUR MORRISON

ARTHUR MORRISON

5