# Exhibit D

Case 1:20-cv-02418-GBD    Document 21-4    Filed 06/12/20    Page 2 of 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Hon. Nancy Bannon, JSC

..............................................................x

     JANIS PASTENA

              Plaintiff            **SUPPORTING AFFIRMATION**
                                                     **FOR OSC TO PERMIT SUBLET**
        -Against-                          **OCCUPANCY**
                                                     **COMMENCING 5/01/17**
     61 WEST 62 OWNERS CORP.                 Index No. 162453/2014

              Defendant

..............................................................x

     ARTHUR MORRISON attorney at law, affirms the following to be true under the penalty of perjury:

1.     I am the attorney for the Plaintiff herein and as such am fully familiar with the facts and circumstances heretofore had herein, and submit this affirmation in support of Plaintiff's Motion which seeks an Order granting Plaintiff permission:

2.     Plaintiff commenced this action in 2014 and pending before Justice Bannon is plaintiff's motion for summary judgment (Docket #15ECF filed7/06/16) and defendant's cross motion to dismiss the Complaint. Docket # 30 ECF filed 9/16/16) Part of the original case or controversy involved the validity and/or enforceability of the defendant coop's Ten (10) Day Notice (Docket#3 ECF filed 12/16/14) seeking to recover sublet fees of $330.per month in 2014 back charged to 2012 in the total sum of $5,439.41. Copies of the summons and complaint are attached as Exhibit "B", defendant's answer is attached as Exhibit "C".

3.     It is not disputed that plaintiff became a tenant-shareholder of defendant corporation 29 years ago as an investment when it is urged *she* became the holder of unsold shares of plaintiff corporation, and became the proprietary lessee of the apartment to which those shares are appurtenant. Plaintiff provides legal authority herein that the collection of a sublet fee

1

is not authorized by the proprietary lease because it says that the board of directors has no right to approve or reject purchasers or subtenants of a holder of unsold shares. (See Paragraph "38" of the Proprietary Lease annexed hereto as Exhibit "A".

4.    Now, while these motions are *subjudice,* the subtenant will vacate the premises effective with April 30, 2017; the premises are being freshly painted for the new subtenant to move in on or about May, 1, 2017. As was the accepted past practice between the parties for 29 years on April 13, 2017 the subletting forms were completed and delivered to the Managing Agent. (See forms annexed as Exhibit "D")

5.    Procedurally for the past 29 years, as holder of unsold shares also based upon providing excellent finances and background on each subtenant, the subtenant was allowed to move into the building with no monthly request for a sublet fee. In past years continuing to the present, The Board promises a response within 72 hours upon the Application to sublet.

6.    Judicial Intervention is required as there is no response today, April 25th, twelve (12) days after submission of the Application and May 1, 2017 is six (6) days away.

7.    The plaintiff is a former physician, now aged 66, fully disabled and relies upon the this unit 20-L as income producing property having been purchased 29 years go as an investment property. A letter from NYU Langone by her treating physician dated September 28, 2016 of impairment since January 31, 2015 is annexed as Exhibit "F"

8.    Emergency affidavit is annexed to the within application.

9.    Defendant's counsel has been advised of these efforts to sublet, including the April 13th filing with the Managing Agent and Board the subletting forms, but coop's able counsel advised me she was awaiting further responses from her client before being able to deal

with or resolve these issues, therefore absent resolution, as May 1st approaches judicial

intervention has become the sole imperative.

**(A) The proprietary lease says that the board of directors has no right to approve or reject purchasers or subtenants of a holder of unsold shares. This is intended to protect the sponsor and his designees from needing to obtain board approval.**

10.    Annexed as Exhibit "A" is the Proprietary Lease in this case issued to plaintiff,

1.  Paragraph "38" has applied to plaintiff for 29 years and reads as follows:

**Unsold Shares**

(a) The term "unsold shares "means and refers to the shares which have been issued or transferred either to individuals designated by the Sponsor of the Cooperative Offering Plan in connection with the premises owned by the Lessor ("Plan") and referred in the Plan as "Successor Offerors of Designees" (including without limitation individual partners of the Sponsor or individual shareholders of any such partner) to acquire Unsold Shares as provided by the Plan, or by a nominee(s) or designee(s) of such individuals,; and all shares which are Unsold Shares retain their character as such (regardless of transfer) until an individual purchases same as a purchaser for occupancy (by himself or for a member of his family).

**(b) Subletting Apartment and Sale of Shares**

Neither the subletting of the apartment from time to time nor the assignment of the lease by the holder of the Unsold Shares allocated to the apartment shall require the consent of the Directors or Shareholders to which reference is made in paragraph 15 and 16 of this lease or the then managing agent of Lessor, and a holder of unsold shares shall not be required to pay any sums or expenses of the Lessor or its managing agents as set forth in subparagraphs (a)(iv) of said Paragraph 16 or to furnish a search or certificate as set forth in subparagraph (a)(v) of said Paragraph 16 or pay any other transfer charge or additional fee on resale or "flip tax" in connection with any such subletting or assignment of this lease.

**(B) A residential cooperative may maintain different sublet rules for holders of unsold shares than for other shareholders, so long as the exemption from subletting fees and restrictions is contained in the offering plan and is justified by the imposition on the sponsor of obligations not imposed on other shareholders (such as offering renewal leases to non-purchasing tenants). GBL § 352-eeee. The maintenance of different rules does not violate the provisions of BCL § 501(c), which requires that shareholders be treated equally (See footnote 48, 4-33 Warren's Weed New York Real Property § 33.42 (2017))**

3

11.    Plaintiff cites to the 2ⁿᵈ Department 2005 Appellate Division case of Yatter v. Continental Owners Corp., 22 A.D.3d 573, 802 N.Y.S.2d 239, 2005 N.Y. App. Div. LEXIS 10860, 2005 NY Slip Op 7527 (N.Y. App. Div. 2d Dep't 2005) that plaintiff as holder of unsold shares is exempt from subletting restrictions and BCL § 501(c) is not applicable which requires that shareholders be treated equally.

12.    Yatter v. Continental Owners Corp., *supra*, is referenced as follows:

"Thus, a determination as to whether the plaintiff is a holder of unsold shares should be made "solely by applying ordinary contract principles to interpret the terms of the documents defining [his] contractual relationship with the cooperative corporation" (*Kralik v 239 E. 79th St. Owners Corp., supra* at 57), [***3] including the relevant offering plan, amendments to the plan, and the proprietary lease (*see Riggin v Balfour Owners Corp.*, 137 AD2d 799, 525 NYS2d 347 [1988]). *HN1* Where, as here, there is nothing in the record to indicate that the plaintiff offered the shares in dispute to the public, or intended to offer them for sale, the defendant may not condition the plaintiff's status as a holder of unsold shares on his compliance with the provisions of 13 NYCRR part 18 (*see Kralik v 239 E. 79th St. Owners Corp., supra*). The language of the relevant offering plan, plan amendments, and proprietary lease established the plaintiff's entitlement to judgment as a matter of law on the cause of action for a declaration that he is a holder of unsold shares, and thus exempt from sublet fees and the need to obtain prior sublet approval from the defendant's board of directors. The defendant raised no triable issue of fact in opposition. In addition, there is no merit to the defendant's contention that *HN2* Business Corporation Law § 501 (c) prohibits an offering plan or proprietary lease from exempting a holder of unsold shares from [***4] sublet fees or board-approval requirements applicable to other shareholders (*see Susser v 200 E. 36th Owners Corp.*, 262 AD2d 197, 198, 692 NYS2d 334 [1999]; *Mogulescu v 255 W. 98th St. Owners Corp.*, 135 AD2d 32, 523 NYS2d 801 [1988]; *1326 Apt. Corp. v Barbosa*, 147 Misc 2d 264, 268, 555 NYS2d 560 [1990]). Nor did the plaintiff breach any obligation to the defendant by failing to sell the disputed shares to a bona fide purchaser for occupancy within any given time frame (*cf. 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 773 NE2d 496, 746 NYS2d 131 [2002]; *West Gate House, Inc. v 860-870 Realty, LLC*, 7 AD3d 412, 776 NYS2d 482 [2004])."

13.    Plaintiff provides a copy of the case of Yatter v. Continental Owners Corp., *supra* for the convenience of the Court as Exhibit "E" annexed.

4

## CONCLUSION

14.    Until this present Board was elected, Plaintiff for the past 29 years has been acknowledged as the holder of unsold shares as she was the person contemporaneously (29 years ago) so "designated" by the sponsor as the time of the sale of stock and issuance of the by-laws and proprietary lease to her for apartment 20-L at 61 West 62nd Street, City County and State of New York.

15.    Authority has been provided to Justice Bannon that a residential cooperative may maintain different sublet rules for holders of unsold shares than for other shareholders, so long as the exemption from subletting fees and restrictions is contained in the offering plan and is justified by the imposition on the sponsor of obligations not imposed on other shareholders (such as offering renewal leases to non-purchasing tenants). GBL § 352-eeee also that The maintenance of different rules does not violate the provisions of BCL § 501(c), which requires that shareholders be treated equally.

16.    To indicate for the court the financial stability of the proposed subtenant, the movant provides a complete hard copy of the Subletting Application to the Court and defendant's counsel as Exhibit "D",

17.    An Emergency exists to invoke judicial intervention, supported by Exhibit "F", Plaintiff is now aged 66, totally disabled and dependent upon rental income from this apartment which will be vacant on April 30th, and available for rental on May 1st. (See Exhibit "D")

WHEREFORE, plaintiff respectfully demands that this court grant the relief sought in the annexed Order to Show Cause, and any other relief the court deems just and proper.

Dated: April 25, 2017
New York, New York

ARTHUR MORRISON

5