UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM DUNNEGAN,

                              Plaintiff,                    20 Civ. 2418 (GBD)

-against-                                      **ORAL ARGUMENT
                                                         REQUESTED**

220 EAST 54TH STREET OWNERS, INC.,

                              Defendant.


**DEFENDANT 220 EAST 54TH STREET OWNERS, INC.'S
MEMORANDUM OF LAW IN REPLY AND FURTHER SUPPORT OF
ITS MOTION TO DISMISS**

Andrew D. Stern
Moshe Bobker
TANE WATERMAN & WURTZEL, P.C.
120 Broadway, Suite 948
New York, New York 10271
Tel: (212) 766-4000
Fax: (212) 766-4022
astern@tww.nyc
mbobker@tww.nyc

Emil A. Samman
Jason Goodman
ROMER DEBBAS LLP
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 888-3100
Fax: (212) 888.3201
esamman@romerdebbas.com
jgoodman@romerdebbas.com

*Counsel for
220 East 54TH Street Owners, Inc.*

June 19, 2020

# TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................. 1

**ARGUMENT IN REPLY** ..................................................................................................... 2

   **I.**    **From *Spiegel* through *Pastena*, New York Courts Have Declared Preferential Subletting Rights Void as a Matter of Law and Thus Plaintiff's Claims Are Barred.**........ 2

     **A. Plaintiff Incorrectly Claims that *Pastena* and its Predecessor Cases are Inapplicable to this Case.** ........................................................................................ 2

     **B. Plaintiff Relies on an Irrelevant Distinction Between the *Pastena* Lease and the Corporation's Lease.**.................................................................................................. 3

     **C. The Cases Cited by Plaintiff Are Inapposite.** .............................................. 4

     **D. There Is No Violation of the General Business Law Because the Court Invalidated Paragraph 38 of the Lease.**.................................................................. 6

   **II.**    **The Declaratory Judgment Cannot Override Controlling Precedent Holding That Paragraph 38 of the Proprietary Lease Is Void** ................................................................. 7

     **A. The Declaratory Judgment Does Not Have Preclusive Effect**................................. 7

     **B. Any Preclusive Effect Would Be Limited to the Order's Explicit Terms and Cannot Sustain a Right Void as Contrary to Public Policy.** ............................................. 8

   **III.**   **The Corporation Does Not Owe A Fiduciary Duty to Its Shareholders.**.................... 9

**CONCLUSION** ......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980) ..................................................................... 9

*Bregman v. 111 Tenants Corp.*, 97 A.D.3d 75 (1st Dep't 2012) ..................................... 1

*Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 600 F.3d 190 (2d Cir. 2010) ................... 1, 7

*Fletcher v. Dakota, Inc.*, 99 A.D.3d 43 (1st Dep't 2012) ............................................. 9

*Giannone v. York Tape & Label, Inc.*, 2007 US Dist LEXIS 37572 (E.D.N.Y. May 23, 2007) .... 1

*Kralik v. 239 E. 79th St. Owners Corp.*, 5 N.Y.3d 54 (N.Y. 2005) ................................... 6

*Matter of Tiemann Place Realty, LLC v. 55 Tiemann Owners Corp.*,

141 A.D.3d 56 (1st Dep't 2016) ........................................................................... 4, 5

*Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75 (1984) ....................... 9

*Mogulescu v. 255 W. 98th St. Owners, Corp.*, 135 A.D.2d 32 (1st Dep't 1988) ................ 4, 5

*Nainan v. 715-723 Sixth Ave. Owners Corp.*, 177 A.D.3d 489 (1st Dep't 2019) .............. 9

*Pandozy v. Segan*, 518 F. Supp. 2d 550 (S.D.N.Y. 2007) ........................................ 9

*Pastena v. 61 W. 62 Owners Corp.*, 169 A.D.3d 600 (1st Dep't 2019) ............................... *passim*

*Peacock v. Herald Sq. Loft Corp.*, 67 A.D.3d 442 (1st Dep't 2009) ........................... 2, 9

*Rego Park Gardens Assoc. v. Rego Park Gardens Owners, Inc.*,

174 A.D.2d 337 (1st Dep't 1991) ........................................................................... 4

*Riverside Syndicate, Inc. v. Munroe*, 10 N.Y.3d 18 (N.Y. 2008) .............................. 1, 8

*Shostack v. Diller*, 15 Civ. 2255 (GBD)(JLC), 2015 WL 5535808 (S.D.N.Y. Sept. 16, 2015),

   *report and recommendation adopted*, 15 Civ. 2255 (GBD)(JLC), 2016 WL 958687 (S.D.N.Y.

   Mar. 8, 2016) ..................................................................................................... 10

*Southland Corp. v. Keating*, 465 U.S. 1 (1984) ................................................... 8

*Spiegel v. 1065 Park Ave. Corp.*, 305 A.D.2d 204 (1st Dep't 2003) ................................ 2, 3, 5

*Susser v. 200 East 36th Owners Corp.*, 262 A.D.2d 197 (1st Dep't 1999) ...................................... 2

*Wallace Clark & Co. v. Acheson Indus.*, 394 F. Supp. 393 (S.D.N.Y. 1975) ............................... 7

*Williams v. Citigroup Inc.*, 659 F. 3d 208 (2d Cir. 2011) ............................................................ 10

*Yatter v. Cont'l Owners Corp.*, 22 A.D.3d 573 (2d Dep't 2005) .................................................... 5

## Statutes

28 U.S.C. §1738 ...................................................................................................................... 9

New York Business Corporation Law § 501(c) ................................................................ *passim*

New York General Business Law § 352-eeee ......................................................................... 2

**INTRODUCTION**

220 East 54th Street Owner Corp. (the "Corporation") has moved to dismiss the complaint of plaintiff, William Dunnegan, because the privileges he claims are based on contractual rights that have been declared void as a matter of law by New York Courts. *Pastena v. 61 W. 62 Owners Corp.*, 169 A.D.3d 600 (1st Dep't 2019), explicitly voids as a matter of law the preferential sublet rights of holders of unsold shares such as Mr. Dunnegan. In response, Mr. Dunnegan cites a menagerie of irrelevant cases. But, Mr. Dunnegan cannot avoid the clear and unmistakable holdings of the New York Appellate Division for the First Department that preferential subletting rights are void as a matter of law with respect to various types of owners, including holders of unsold shares like Mr. Dunnegan. *Id.*

Mr. Dunnegan cannot rely on the Declaratory Judgment entered on consent with the Corporation to argue that the Corporation must honor the special privileges given to unsold shares in the governing documents. Preferential subletting rights of holders of unsold shares are void as a matter of law, and thus, an agreement endorsing them is also void, even if the agreement was ordered by a court. *See Riverside Syndicate, Inc. v. Munroe*, 10 N.Y.3d 18 (N.Y. 2008); *Bregman v. 111 Tenants Corp.*, 97 A.D.3d 75 (1st Dep't 2012). The Declaratory Judgment does not estop the Corporation from following the law, because any preclusive effect is limited by what was litigated and cannot extend to threshold questions of legality. *See Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 600 F.3d 190, 196 (2d Cir. 2010) and *see also Giannone v. York Tape & Label, Inc.*, 2007 US Dist LEXIS 37572, at 4-5 (E.D.N.Y. May 23, 2007). It is also limited by the plain language of the Declaratory Judgment permitting non-discriminatory fees.

Finally, Mr. Dunnegan's claim for breach of fiduciary duty fails because the Corporation does not owe a fiduciary duty to its individual shareholders. *See Peacock v. Herald Sq. Loft Corp.*,

67 A.D.3d 442, 443 (1st Dep't 2009). Mr. Dunnegan's attempt to hold the Corporation liable on a theory of vicarious liability through its directors fails because the Board of Directors acted in accordance with the First Department's decision in *Pastena*; since the contractual rights were void in the first instance, so they could not legally exist let alone be violated.

## ARGUMENT IN REPLY

I.   **From *Spiegel* through *Pastena*, New York Courts Have Declared Preferential Subletting Rights Void as a Matter of Law and Thus Plaintiff's Claims Are Barred.**

A.   **Plaintiff Incorrectly Claims that *Pastena* and its Predecessor Cases are Inapplicable to this Case.**

In *Pastena*, the Court applied the analysis set forth in *Spiegel v. 1065 Park Ave. Corp.*, 305 A.D.2d 204 (1st Dep't 2003), to paragraph 38 of the standard proprietary lease. The paragraph 38 at issue in *Pastena* and this case memorialized special subletting privileges for holders of unsold shares. The *Pastena* court reaffirmed that the special subletting privileges for holders of unsold shares found in paragraph 38 were void as a matter of law. *Id.*

*Pastena* did not make an exception for holders who purchased their apartments with rent-regulated tenants. In fact, no exception has ever been made on this basis for holders of unsold shares. The lone case where regulated tenancies were considered was *Susser v. 200 East 36th Owners Corp.*, 262 A.D.2d 197 (1st Dep't 1999). In *Susser* the Court created a special exemption for sponsors because of the sponsor's obligations.  As the Court held:

> The exemption of the sponsor, as holder of unsold shares, from defendant cooperative corporation's otherwise applicable strictures as to subletting is, moreover, justified by obligations imposed upon the sponsor that are not shared by other shareholders. The sponsor must provide renewal leases to non-purchasing tenants who remain in possession pursuant to a non-eviction plan (see, General Business Law § 352-eeee), and the discharge of that obligation would be rendered difficult, if not impossible, by subjecting the sponsor to restrictions on subletting applicable to other cooperative proprietary leaseholders.

*Id.* at 198. Here, Mr. Dunnegan is not a sponsor and, as such, does not have the obligations imposed on sponsors of a non-eviction plan, such as the need to provide renewal leases to its tenants. Moreover, the allegation that Mr. Dunnegan once had an obligation to provide renewal leases at one time, cannot help him now. As the issue of impossibility no longer exists, his tenancies are subject to the same analysis applied to special subletting privileges from *Spiegel* to *Pastena*.

Mr. Dunnegan has argued that *Susser* hinges on the economic position of purchasers, but this is found nowhere in the analysis of subletting rights of sponsors. In fact, the *Spiegel* Court determined that a shareholder's reliance on perceived special privileges in the purchase of his shares does not grant him waiver or estoppel with respect to those illegal rights. *See Spiegel*, 305 A.D.2d at 205. It does not matter if Mr. Dunnegan believed that these privileges justified his risk or that he enjoyed these privileges for years such that his investment benefited from impermissible special treatment. Compl. at ¶¶11, 14, 23. These rights were void *ab initio*.

### B.   Plaintiff Relies on an Irrelevant Distinction Between the *Pastena* Lease and the Corporation's Lease.

The *Pastena* lease provides, in relevant part: "Unsold Shares retain their character as such (regardless of transfer) ***until*** an individual purchases same as a purchaser for occupancy (by himself or a member of his family)." Lease at ¶38(b) (emphasis added) and *see also* Plaintiff's Brief at 9-10. The Corporation's lease states, in relevant part:  "Unsold Shares retain their character as such (regardless of transfer) until (1) such shares become the property of a purchaser for bona fide occupancy (by himself or a member of his family) of the Apartment to which such shares are allocated, or (2) the holder of such shares (or a member of his family) becomes a bona fide occupant of the Apartment." Lease at ¶38.  In other words, both leases provide that unsold shares lose their status when there is owner occupancy. The difference in verbiage is immaterial to the meaning of the lease provisions, and Mr. Dunnegan's interpretation of the lease at issue in *Pastena*

3

is simply a misreading of the texts. In any event, the clauses in both are irrelevant because *Pastena* held that unsold shares do not get special treatment as to sublet rights. As the Court in *Pastena* stated: "[P]aragraph 38 of the proprietary lease, which purportedly exempts holders of unsold shares from certain expenses and fees assessed by the landlord, is void as a matter of law." *Pastena*, 169 A.D.3d at 600.

### C.    The Cases Cited by Plaintiff Are Inapposite.

Mr. Dunnegan has cited several cases for the proposition that granting special treatment to holders of unsold shares is consistent with public policy, but his analysis ignores the distinction between which privileges are permissible and which are void as a matter of law. In sum, in the First Department, special voting rights are considered consistent with the requirements and policy of BCL § 501(c), but special subletting rights are not. *Pastena*, 169 A.D.3d at 600.

Plaintiff cites three cases for the proposition that holders of unsold shares can be granted certain rights unavailable to other shareholders. *See* Plaintiff's Brief at 4-5 citing *Rego Park Gardens Assoc. v. Rego Park Gardens Owners, Inc.*, 174 A.D.2d 337 (1st Dep't 1991); *Matter of Tiemann Place Realty, LLC v. 55 Tiemann Owners Corp.*, 141 A.D.3d 56 (1st Dep't 2016); and *Mogulescu v. 255 W. 98th St. Owners, Corp.*, 135 A.D.2d 32 (1st Dep't 1988). All three concern special privileges accorded to sponsors with respect to voting rights. The First Department has consistently employed a different analysis and reached a different conclusion on voting rights of sponsors and holders of unsold shares, in contrast to voiding subletting privileges for such owners.

In *Rego Park*, the Court did not even address BCL § 501(c) or the analysis applicable here. The issue was whether an offering plan granting a sponsor the right to designate a certain number of directors would preclude the sponsor from also voting the shares it owned. The court held that the restriction would not impair the voting rights, giving the sponsor the same voting rights as

4

other shareholders, separate and apart from its rights of designation. *Rego Park*, 174 A.D.2d at 338-339. This is consistent with the BCL § 501(c) analysis as the voting rights were equal per share.[1] Likewise, *Matter of Tiemann Place Realty* concerned a dispute over the voting rights. The sponsor had transferred shares to "puppet entities" in order "to frustrate its obligation under the offering plan or stipulation." *Tiemann*, 141 A.D.3d at 63. The "puppet entities" sought to invalidate the restrictions imposed on them as a violation of BCL § 501(c). *Id.* Citing to *Rego Park*, the Court in *Tiemann* held that voting restrictions on sponsors and its assignees were permissible under the BCL § 501(c) voting rights analysis. *Id.*

*Mogulescu* is inapposite because it concerns a special exemption for transfer fees (*i.e.*, flip taxes) to the general rule that all shares of the same class must be treated equally which was provided for by the amendment to BCL § 501(c). *Mogulescu*, 135 A.D.2d at 32-39. In any event, it is a First Department case decided in 1988, and thus, to the extent it is inconsistent with *Spiegel* (2003) or *Pastena* (2019), it is superseded. The analysis in *Mogulescu*, insofar as it relates to BCL § 501(c), focused on the amendment to the statute as it pertains to transfer fees and this analysis again hinged on an alleged inequality in voting rights. The Court held that voting rights that were substantially equal per share did not violate of BCL § 501(c). *Id.* at 38.

Mr. Dunnegan's citation to *Yatter v. Cont'l Owners Corp.*, 22 A.D.3d 573, 574 (2d Dep't 2005) fails to account for a decisional split between the First and Second Departments. Here, First Department precedent governs the Corporation's relationship with Mr. Dunnegan. In the First Department, preferential sublet rights are void as a matter of law. *See Spiegel*, 305 A.D.2d 204; *Pastena*, 169 A.D.3d 600. *Yatter* is neither from the governing jurisdiction, nor is it last in time.

---

[1] The Court in *Rego Park* did not have before it the question of whether the designation rights violated BCL § 501(c), as that right was agreed to by the parties. *Id.* at 338.

*Kralik v. 239 E. 79th St. Owners Corp.*, 5 N.Y.3d 54, 59 (N.Y. 2005), does not stand for the proposition that the contracts control absolutely. Rather, it holds that a determination of holder status is controlled by the usual rules of contract interpretation of the governing documents. *Id.* at 59. This is not the same as determining what rights might be accorded to holders of unsold shares. Moreover, *Kralik* does not hold that the rights accorded to holders are sacrosanct and permitted to violate statutes or public policy. Quite the contrary, the Court held that such an analysis is "subject, of course to applicable statutory and decisional law." *Id.* (quoting *Fe Bland v. Two Trees Mgt. Co.*, 66 N.Y.2d 556, 563 (N.Y. 1985)). Thus, Plaintiff's argument based on *Kralik* disregards the holding itself, the cases decided before it (which were not overruled), and the cases after it that have explicitly declared preferential subletting rights void as a matter of law.

      **D.**    **There Is No Violation of the General Business Law Because the Court Invalidated Paragraph 38 of the Lease.**

The Corporation did not invalidate Mr. Dunnegan's rights. The Appellate Division, First Department has, with increasing clarity, been invalidating special privileges of certain categories of owners to sublet without the consent of co-op boards and payment of fees for years. Mr. Dunnegan's reference to New York General Business Law ("GBL") § 352-eeee again misunderstands the parties' roles. While the Corporation could not invalidate a rent regulated tenancy of a non-purchasing tenant or amend the lease without following the procedures in the governing documents, this has no bearing on what the Corporation must do with respect to its sublet policy, once the provisions in the Lease governing subletting privileges of holders of unsold shares were found to be void as a matter of law. BCL§ 501(c) and the cases applying it to subletting rights provide that all shareholders must have equal subletting rights.

**II      The Declaratory Judgment Cannot Override Controlling Precedent Holding That Paragraph 38 of the Proprietary Lease Is Void**

**A.  The Declaratory Judgment Does Not Have Preclusive Effect**

Mr. Dunnegan's argument of claim preclusion fails to account for an exception to the general rule concerning *res judicata*, aptly known as the declaratory judgment exception. As the Court held in *Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 600 F.3d 190, 196 (2d Cir. 2010):

> The application of the doctrine of *res judicata* is limited, however, by the declaratory judgment exception. This exception, which is recognized under both New York and federal law, limits the preclusive effect of the declaratory judgment to the "subject matter of the declaratory relief sought," *Harborside*, 959 F.2d at 372, and permits the plaintiff or defendant to "continue to pursue further declaratory or coercive relief." *Id.* In other words, the preclusive effect of a declaratory judgment action applies only to the "matters declared" and to "any issues actually litigated… and determined in the action." Restatement (Second) of Judgments § 33; *see also* 18A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4446, at 313 (2d ed. 2002) (noting that the effects on claim preclusion resulting from a declaratory judgment are "shrouded in miserable obscurity"). As this Court has previously stated, the declaratory judgment exception to the application of the doctrine of *res judicata* applies when "the prior action involved only a request for declaratory relief." *Harborside*, 959 F.2d at 372.

The Declaratory Judgment was the only relief sought in the prior action relied upon by Dunnegan. The court was not asked to, and did not, decide whether the rights of holders were legal, only that Mr. Dunnegan was entitled to be treated as a holder of unsold shares and subject to the provisions set forth in Paragraph 38 of the Lease. *See* Decl. Judg. at 2; Lease at ¶38. Because the issue of illegality was not litigated, the Declaratory Judgment has no bearing on this case. *See Giannone v. York Tape & Label, Inc.*, 2007 US Dist LEXIS 37572, at *4-5, No. 06-6575 (E.D.N.Y. May 23, 2007) (*citing Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999), ("the obvious starting point in a preclusion analysis is a determination of the issues that were litigated in the first action")).

Moreover, even ignoring this exception, if declaratory judgments were granted *res judicata* effect, that would not immunize them from challenges to the legality of the judgment. *See Wallace*

*Clark & Co. v. Acheson Indus.*, 394 F. Supp. 393, 399 (S.D.N.Y. 1975) (declining to give *res judicata* effect to consent decree where there was an issue of validity in a patent case, *i.e.*, an invalid patent cannot be infringed). Similarly, the Court should not grant the Declaratory Judgment preclusive effect where the question of its legality has not been analyzed.

### B. Any Preclusive Effect Would Be Limited to the Order's Explicit Terms and Cannot Sustain a Right Void as Contrary to Public Policy.

Even were the Court to grant the Declaratory Judgment preclusive effect, that effect would be limited to the express terms of the judgment. Here, the Declaratory Judgment, by barring only discriminatory fees, implicitly acknowledged the possibility of non-discriminatory fees of the sort being assessed here under the Sublet Policy. The Declaratory Judgment provided in relevant part that Mr. Dunnegan might sublet "without any consent of 220 East 54th, including its Board of Directors, Shareholders and Managing Agent and *without payment of any discriminatory fee* by Freedman or Dunnegan to 220 East 54th…." (Decl. Judg. at 2) (emphasis added). The Sublet Policy does not conflict with this as to fees.

Assuming *arguendo* that the Declaratory Judgment represents a contract, as alleged by Mr. Dunnegan, a contract considered to be contrary to public policy will not be enforceable. Under the holding in *Riverside Syndicate, Inc. v. Munroe*, 10 N.Y.3d 18 (N.Y. 2008), if the rights specified in Paragraph 38 of the Proprietary Lease were void, then they were also void in the Declaratory Judgment. See *id*. at 24 ("The agreement is void as to both parties, and neither party is entitled to rely on it."). Thus, "[a] contract which is deemed void is surely revocable at law or in equity". *Southland Corp. v. Keating*, 465 U.S. 1, 20 (1984). Therefore, Mr. Dunnegan cannot rely on the Declaratory Judgment, the terms of which are now void as a result of the *Pastena* holding and its forebearers, *Wapnick*, *Bregman*, *Spiegel*, *etc*.

Thus, to the extent *res judicata* might apply here at all, it bars Plaintiff from now seeking the right to avoid non-discriminatory sublet fees. Mr. Dunnegan does not allege in his Complaint that the fees are discriminatory.[2] If preclusion attaches, then Corporation is entitled to it as well, thereby barring Mr. Dunnegan's claims as to the legality of sublet fees. *See* 28 U.S.C. §1738 and *Allen v. McCurry*, 449 U.S. 90, 94–97 (1980); *Migra v. Warren City School District Bd. of Educ.*, 465 U.S. 75, 84-86 (1984).

### III    The Corporation Does Not Owe A Fiduciary Duty to Its Shareholders.

Mr. Dunnegan's unsupported classification of the Corporation as a closely held corporation is flatly incorrect, but even if Mr. Dunnegan's allegations regarding close corporations were correct, it bears no relevance to this case. *See Peacock v. Herald Sq. Loft Corp.*, 67 A.D.3d 442, 443 (1st Dep't 2009) (holding "a [co-op] corporation does not owe fiduciary duties to its members or shareholders"); *Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 54 (1st Dep't 2012).

While "the relationship between shareholders in a close corporation, vis-à-vis each other, is akin to that between partners and imposes a high degree of fidelity and good faith," *Fender v. Prescott*, 101 A.D.2d 418, 422 (1st Dep't 1984), no such relationship between the parties exists here. Whatever duties shareholders might have to each other, these duties do not extend to the Corporation itself. Mr. Dunnegan cannot create a duty where none exists under the law.

Mr. Dunnegan's reliance on *Nainan v. 715-723 Sixth Ave. Owners Corp.*, 177 A.D.3d 489, 490 (1st Dep't 2019) is misplaced. *Nainan* does not hold that co-ops have a fiduciary duty to

---

[2] *See Pandozy v. Segan*, 518 F. Supp. 2d 550, 554, n. 1 (S.D.N.Y. 2007) (citing *Bernstein v. City of New York,* No. 06 Civ. 895(RMB), 2007 U.S. Dist. LEXIS 39286, 2007 WL 1573910, at 10 (S.D.N.Y. May 24, 2007); *Southwick Clothing LLC v. GFT (USA) Corp.,* No. 99 Civ. 10452, 2004 U.S. Dist. LEXIS 25336, 2004 WL 2914093, at 6 (S.D.N.Y. Dec. 15, 2004) ("A complaint cannot be amended merely by raising new facts and theories in plaintiffs' opposition papers."); *O'Brien v. Nat'l Prop. Analysts Partners,* 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

individual shareholders. *Nainan* was a derivative action against a co-op, five former co-op board members, and the former managing agent regarding sale of the building. Although the Court allowed the breach of fiduciary duty claims to proceed, the holding does not speak to cooperatives as closely held corporations, nor the existence of a fiduciary duty owed by co-ops to their shareholders. As such, *Nainan* does not support Plaintiff's position.

Finally, Mr. Dunnegan's breach of fiduciary duty claim cannot stand on a theory of vicarious liability, as Plaintiff suggests for the first time in his memorandum.[3] Mr. Dunnegan cannot create a fiduciary duty for the Corporation, where none would exist for its agents in the first instance. Mr. Dunnegan's reliance on *Shostack v. Diller*, 15 Civ. 2255 (GBD)(JLC), 2015 WL 5535808, at 5 (S.D.N.Y. Sept. 16, 2015), *report and recommendation adopted*, 15 Civ. 2255 (GBD)(JLC), 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016) is misplaced. Plaintiff neglects to note that the Court later held that "[s]imilarly, "absent bad faith or fraud, corporate officers and directors acting within the scope of their employment cannot be held personally liable for breaches of contract or tortious acts committed by their corporations." *Id.* at 6 (internal citations omitted). Accordingly, Mr. Dunnegan requests for leave to replead to assert a claim against the individual members of the Board of Directors should be denied as it would be futile. *See Williams v. Citigroup Inc.*, 659 F. 3d 208, 214 (2d Cir. 2011).

## **CONCLUSION**

For the reasons set forth above, 220 East 54th Street Owners, Inc. respectfully request that this Court grant its motion to dismiss.

---

[3] *See Pandozy v. Segan*, 518 F. Supp. 2d 550, 554, n. 1 (S.D.N.Y. 2007) and footnote 3 *supra*.

Dated: New York, New York
        June 19, 2020

Andrew D. Stern (AS5765)
Moshe Bobker
TANE WATERMAN & WURTZEL, P.C.
120 Broadway, Suite 948
New York, New York 10271
Tel: (212) 766-4000
Fax: (212) 766-4022
astern@tww.nyc
mbobker@tww.nyc


 /s/

Emil A. Samman (ES8748)
Jason Goodman
ROMER DEBBAS LLP
275 Madison Avenue, Suite 801
New York, New York 10016
Tel: (212) 888-3100
Fax: (212) 888.3201
esamman@romerdebbas.com
jgoodman@romerdebbas.com

*Counsel for*
*220 East 54TH Street Owners, Inc.*