USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED MAY 1 2 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------x

WILLIAM DUNNEGAN,

                Plaintiff,

-against-

220 EAST 54th STREET OWNERS, INC.,

                Defendant.

------------------------------------------x

MEMORANDUM DECISION AND ORDER

20 Civ. 2418 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff William Dunnegan brings this action against Defendant 220 East 54th Street Owners for breach of contract and breach of fiduciary duty. (Compl., ECF No. 1, ¶¶ 29–44.) On February 10, 2021, this Court partially granted Defendant's motion to dismiss, dismissing Plaintiff's breach of fiduciary duty claim and finding that Plaintiff adequately plead his breach of contract claim. (Mem. Decision and Order ("Decision"), ECF No. 29.) Defendant now moves for reconsideration of this Court's decision to deny the motion to dismiss as to Plaintiff's breach of contract claim, or in the alternative requests that this Court certify the Decision for interlocutory appeal under 28 U.S.C. § 1292(b). (*See* Notice of Mot., ECF No. 30 *see also* Def.'s Mem. in Supp. of Mot. for Recons. ("Recons. Mem."), ECF No. 31.) Specifically, Defendant argues that (1) it was clear error for the Court to conclude that the holding of *Pastena v. 61 W. 62 Owners Corp.* was limited to original purchasers, (2) the Court erred when it held that holders of unsold shares are a different class of shareholders from tenant shareholders (such as original purchases), and (3) "reliance on dicta" in the First Department's case *Bellstell 7 Park Ave., LLC v. Seven Park Ave.*

*Corp*, 190 A.D.3d 632, was clear error. (Recons. Mem. at 1–2.) Defendant's motion for reconsideration is DENIED.[1]

## I. LEGAL STANDARD

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (citation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted); *see also* Local Civ. R. 6.3 (providing that movant must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Grounds justifying reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). A motion for reconsideration is, however, "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted); *see also Weiss v. El Al Isr. Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue.").

---

[1] A complete factual background is set forth in *Dunnegan v. 220 E. 54th St. Owners, Inc.*, 2021 WL 516958, at *1–2 (S.D.N.Y. Feb. 10, 2021). Familiarity with the Court's prior decision is assumed.

2

## II. DEFENDANT'S MOTION FOR RECONSIDERATION IS DENIED

Defendant has not established that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a "clear error" or prevent "manifest injustice." Instead, Defendant attempts to take a second bite at the apple by regurgitating arguments made previously at oral argument and in its briefs in support of their motion to dismiss. Defendant therefore has not met the burden in demonstrating that this Court erred.

Defendant's arguments regarding this Court's interpretation of *Pastena* and so-called reliance on *Bellstell* are interrelated. First, Defendant contends that it was clear error to limit the holding in *Pastena* to original purchasers, rather than reading *Pastena* as creating a new rule of law and invalidating the rights of all holders of unsold shares. (Recons. Mem. at 3–4.) In *Pastena* the First Department held that "Plaintiff ha[d] failed to provide sufficient documentary evidence demonstrating that she is a holder of unsold shares." *Pastena v. 61 W. 62 Owners Corp.*, 169 A.D.3d 600, 95 N.Y.S.3d 44, 45 (2019). The *Pastena* court then went on to state, "[h]owever, even if factual issues were presented by plaintiff's contract of sale, paragraph 38 of the proprietary lease, which purportedly exempts holders of unsold shares from certain expenses and fees assessed by the landlord, is void as a matter of law." *Id.* Defendant strains to avoid acknowledging that this second sentence of *Pastena* is dicta, instead styling it as an "alternate holding" and claiming that this Court made a clear error when it conflated *Pastena's* "two holdings." (Recons. Mem. at 3–6.) Defendant is simply repeating arguments that this Court previously reviewed and found not to be persuasive. Thus, Defendant fails to make a showing of clear error.

Second, Defendant claims, in essence, that by citing to *Bellstell* this Court has "put [its] faith in dicta." BENJAMIN N. CARDOZO, THE NATURE OF THE JUDICIAL PROCESS 29 (1921). Because the New York Court of Appeals had not yet addressed the question of whether the sublet

3

fee or board-approval requirement exemption provided to holders of unsold shares in a cooperative corporation violates the equal treatment clause of New York Business Corporation Law § 501(c), this Court was required to predict how the Court of Appeals would decide the issue. In doing so, this Court undertook a comprehensive review of New York law and concluded that the general rule in New York is that holders of unsold shares are a different class of stock holders from tenant shareholders; thus Paragraph 38 of the Proprietary Lease (which grants certain rights to holders of unsold shares) did not violate BCL § 501(c). *Dunnegan,* 2021 WL 516958, at *3–5. Rather than "rely" on dicta in *Bellstell,* this Court reached an independent conclusion that the *Pastena* court was considering the plaintiff's status as an original purchaser and was not creating a new rule of law. *Id.* at 4. After reaching this conclusion, the Court then turned to an explanation of *Bellstell* which it noted "confirmed" this Court's independent analysis and conclusion that "'holders of unsold shares are routinely granted special privileges in exchange for their regulatory obligations, as they are, de facto, a different class of stock than an ordinary purchaser.'"[2] *Id.* (quoting *Bellstell 7 Park Ave., LLC,* 190 A.D.3d 632, 632).

Certainly, while Judges should be careful not to accept a prior court's dictum as binding law, there is value in dicta such as clarifying complicated subject areas and "assisting future courts to reach sensible, well-reasoned results." Pierre N. Leval, *Judging Under the Constitution: Dicta About Dicta,* 81 N.Y.U. L. Rev. 1249, 1253 (2006). Indeed, Defendant's insistence that this Court

---

[2] Defendant's second argument that the Court erred when it held that holders of unsold shares are a different class of shareholders from tenant shareholders similarly fails. (Recons. Mem. at 6–8.) Defendant effectively urges the Court to ignore *Bellstell, Tiemann Place Realty, LLC v. 55 Tiemann Owners Corp.,* 141 A.D.3d 56, 63, (1st Dep't 2016), and *Yatter v. Continental Owners Corp.,* 22 A.D.3d 573, 573 (2d Dep't 2005) all of which establish the general rule in New York that holders of unsold shares are of a different class from tenant shareholders (such as original purchasers). Thus, granting them certain special exemptions does not violate BCL § 501(c). Defendant's citations to *Fe Bland v. Two Trees Mgmt. Co.,* 66 N.Y.2d 556 (1985), does nothing to change this conclusion as that case stands for a proposition already accepted by this Court: BCL § 501 (c) requires equality in treatment of shares of stock *in the same class.*

4

make law out of the dicta in *Pastena* exemplifies the improper promotion of dicta into decisions. Conversely, this Court recognized that *Bellstell's* view of *Pastena* was non-binding dictum; however, it is persuasive recent authority that confirmed the analysis undertaken by this Court and helped reached an outcome consistent with New York law.

### III. CERTIFICATION FOR INTERLOCUTORY APPEAL IS DENIED

In the alternative, Defendant requests that this Court certify an interlocutory appeal to the Second Circuit under 28 U.S.C. § 1292(b). (Recons. Mem. at 8.) Interlocutory appeals "'are strongly disfavored in federal practice.'" *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, 2021 WL 603045, at *5 (S.D.N.Y. Feb. 16, 2021) (quoting *Ret. Bd. of the Policemen's Annuity v. Bank of New York Mellon*, 2016 WL 2744831, at *1 (S.D.N.Y. May 9, 2016)). A party "seeking certification is required to show 'exceptional circumstances sufficient to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Goldfarb v. Channel One Russia*, 2021 WL 1392850, at *10 (S.D.N.Y. Apr. 13, 2021) (quoting *In re S. Afr. Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009)).

Under 28 U.S.C. § 1292(b), a district court may certify for interlocutory appeal an order that (1) involves a "controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Whether to grant an application for interlocutory appeal is a question of discretion entrusted to the district court, "which may deny

certification even if the statutory criteria are satisfied." *Falberg v. Goldman Sachs Grp., Inc.*, 2020 WL 7695711, at *2 (S.D.N.Y. Dec. 28, 2020).

Defendant has failed to show the "exceptional circumstances" required to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks omitted). In particular, Defendant is unable to point to any actual "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Defendant argues that *Bellstell* and *Pastena* are in tension with one another, but the dicta in *Bellstell* can reasonably be interpreted as the First Department clarifying the scope (or limit) of *Pastena*. (Recons. Mem. at 10.) Indeed, before *Pastena*, the special privileges granted to holders of unsold shares in exchange for their regulatory obligations was rarely in question. Moreover, Defendant's "mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for a difference of opinion." *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 543 (S.D.N.Y. 2014) (quoting *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001)).

## IV. CONCLUSION

Defendant's motion for reconsideration or, in the alternative, interlocutory appeal, (EFC No. 30), is DENIED. The Clerk of the Court is directed to close the motion accordingly.

Dated: New York, New York
May 12, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge